UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERARD TORRES, *+ 2 Children*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEXIS WINNELL, *Property Manager*, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 25-11437-MJJ

MEMORANDUM AND ORDER

JOUN, D.J.

Gerard Torres ("Mr. Torres"), who is representing himself, brings this action concerning his tenancy in Roslindale, Massachusetts. With his complaint, Mr. Torres filed a motion for leave to proceed *in forma pauperis*. After commencing this action, Mr. Torres filed exhibits to his complaint, a motion for a temporary restraining order, a statement of damages, and a request for accommodations, and a motion to supplement. Upon review of Mr. Torres's flings, the Court DENIES without prejudice the motion for leave to proceed *in forma pauperis*, DENIES the motion for a temporary restraining order, DENIES the request accommodations, and DENIES the motion to supplement. The Court also directs Mr. Torres to file an amended complaint if he wishes to proceed with this action.

I.      **Motion for Leave to Proceed *in Forma Pauperis***

Under the federal *in forma pauperis* statute, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have

to be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the litigant must show he cannot pay the filing fee "and still be able to provide himself and dependents with the necessities of life." *Id.* Leave to proceed *in forma pauperis* is a privilege, not a right. *See, e.g.*, *Young v. Bowser*, 843 Fed. App'x 341, 342 (D.C. Cir. 2021) (per curiam); *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (per curiam); *Bryant v. United States*, 618 Fed. App'x 683, 685 (Fed. Cir. 2015) (per curiam).

In his motion for leave to proceed *in forma pauperis*, which Mr. Torres signed under penalty of perjury, he indicates that, in the past year, he received income from disability or worker's compensation payments. However, Mr. Torres does not indicate the amount he received and what he expects to receive in the future, although the directions to *in forma pauperis* application require the litigant to provide this information. In addition, Mr. Torres did not respond to any of the questions on the second page of the application. Because Mr. Torres has not provided sufficient information concerning his financial circumstances, the Court cannot determine whether he can pay the filing fee and still be able to afford the necessities of life for himself and any dependents. Accordingly, the motion for leave to proceed *in forma pauperis*, is DENIED without prejudice.

## II.    Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass. Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). The Court has reviewed Mr. Torres's complaint to determine whether it has jurisdiction over this case. In conducting this review, the Court has liberally construed Mr. Torres's complaint because he is representing himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Federal district courts may exercise original jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse "citizenship" and the case is worth more than $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").[1]

## A. Federal Question Subject Matter Jurisdiction (§ 1331)

In his complaint, Mr. Torres invokes the Court's federal question subject matter jurisdiction, but he does not identify any federal statutes or provisions of the United States Constitution that are at issue in this case. Compl. at 3. A case arises under federal law for purposes of § 1331 if "a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Val. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-38 (1983)).

Mr. Torres's complaint does not contain a well-pleaded claim arising under federal law. Mr. Torres names as defendants two employees of the company managing the multi-unit property where he resides and occupants of two other units of the property. Mr. Torres' allegations in the pleading concern harassment and defamation by another property resident and one of the neighbor's alleged false reports to management concerning him. Mr. Torres claims that he reached out to management and his landlord concerning this matter because he feared for his safety and that of his children. Mr. Torres further alleges that someone tampered with his car, but that he was never given the opportunity to see video coverage of this misconduct.

---

[1] If a plaintiff brings a claim over which the Court has jurisdiction over § 1331 or § 1332, the Court may, in its discretion, exercise supplemental jurisdiction over related claims that do not fall with the Court's original jurisdiction. *See* 28 U.S.C. § 1367.

On June 17, 2025, approximately three weeks after commencing this action, Mr. Torres filed 119 pages of "Evidence to [his] claims." ECF 3. These documents do not show that any aspect of this action arises under federal law. They largely concern Mr. Torres alleged violations of the housing association's rules, primarily by allegedly working on his car on the property's parking lot or keeping his car on the parking lot when it was not in working condition in 2024 and 2025. Although Mr. Torres refers to his "civil rights" in several emails to the unit owner, the alleged misconduct of the defendants does not implicate any rights created by federal law.

On August 15, 2025, Mr. Torres filed a motion for a temporary restraining order. ECF 7. Mr. Torres states therein that on August 13, 2025, he received a notice from the management company to quit the property within seven days. Mr. Torres claims that "[t]he 7-Day Notice is based on false allegations and is intended to retaliate against plaintiff for asserting his rights under the Fair Housing Act, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act." *Id.* at 2 (capitalization standardized). Mr. Torres refers to himself as a "disabled tenant." *Id.* He alleges that "[t]he close timing between the federal filing and the 7 Day Notice strongly supports a finding of retaliation." *Id.* at 4.  The 7-Day Notice to Quit, which Mr. Torres included with the motion, indicates that the proffered reason for the notice was because Mr. Torres had allegedly "committed serious and repeated violations of the lease and the Condominium documents by performing automotive repairs in the common-area parking lot and causing repeated oil and grease spills that damaged the parking surface and affected multiple spaces." ECF No. 7-2 at 1. Mr. Torres asks that this Court issue a temporary restraining order and a preliminary injunction to prohibit the defendants from taking any actions to evict him while this case is pending.[2]

---

[2] On October 24, 2025, Mr. Torres filed a document which indicates that he has not moved from his unit. ECF No. 10.

Mr. Torres's reference to the Fair Housing Act, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act in this motion do not provide a basis for the Court to conclude that this action arises any of these statutes. The Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, as relevant here, "prohibits discrimination in housing and housing-related matters base on a person's disability." *Castillo Condo. Ass'n v. U.S. Dep't of Hous. & Urb. Dev.*, 821 F.3d 92, 95 (1st Cir. 2016). The FHA "outlaws discrimination in connection with the terms, conditions, or privileges of housing." *Id.* (citing 42 U.S.C. § 3604(f)(2)). "Discrimination includes, among other things, the 'refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.'" *Id.* (quoting 42 U.S.C. § 3604(f)(3)(B)). In his complaint, Mr. Torres does not identify his disability, how the defendants discriminated against him based on that disability, or how he exercised his rights under this statute.[3]

In the absence of any claim arising under federal law, the Court lacks federal subject matter jurisdiction.

### B.    Diversity Subject Matter Jurisdiction (§ 1332)

"For purposes of diversity [subject matter jurisdiction], a person is a citizen of the state in which he is domiciled." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008).[4] Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, there must be

---

[3] In addition, the Rehabilitation Act prohibits disability discrimination by "any program or activity receiving Federal Financial assistance or under any program or activity conduct by any Executive agency [of the United States]." 29 U.S.C. § 794(a).

The Americans with Disabilities Act applies to "public accommodations," operated by "private entities," *see* 42 U.S.C. §§ 12181-12189, but a private residence is not a "public accommodation," within the meaning of the statute, *see, e.g.*, *Coe v. Cross-Lines Ret. Ctr.*, 645 F. Supp. 3d 1126, 1130-31 (D. Kan. 2022).

[4] A corporation is a citizen in any state where it was incorporated or has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

"complete" diversity of citizenship between the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity of citizenship does not exist if any defendant and any plaintiff are citizens of the same state. *See id.* In other words, if a plaintiff is a citizen of Massachusetts and any defendant is a citizen of Massachusetts, complete diversity of citizenship does not exist.

Here, Mr. Torres does not invoke the Court's diversity subject matter jurisdiction under § 1332, nor does it appear that he could successfully do. Mr. Torres resides in Massachusetts, and it appears that one or more of defendants is domiciled in Massachusetts.

## III.    Emergency Motion for Temporary Restraining Order

In the absence of a viable claim over which the Court may exercise original jurisdiction, the Court DENIES without prejudice the emergency motion for a temporary restraining order.

## IV.    Request for Accommodation

In his request for accommodations, Mr. Torres asserts that he has a "mental impairment" and that, under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, he is "entitled to reasonable accommodations to fully participate in legal proceedings. ECF 9 at 1. The accommodations he requests are "[c]lear, plain-language explanations of filings, motions, or orders," "[e]xtra time to read, understand, and respond to court documents," "[a]ssistance from court staff or an appointed advocate if necessary," and [a]ny other accommodations the court deems appropriate to ensure full and fair access to justice." *Id.* at 1.

Neither Title II of the Americans with Disabilities Act ("ADA") nor Section 504 of the Rehabilitation Act mandate the requested relief. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or

other instrumentality of a State . . . or local government." 42 U.S.C. § 12131(1). The definition of a "public entity" does not include the federal government.

Similarly, Section 504 of the Rehabilitation provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a) (emphasis added). The federal courts are not a "program or activity" receiving "[f]ederal financial assistance," or a "program or activity conducted by [an] Executive agency or by the United States Postal Service."

Notwithstanding, should this case go forward, Mr. Torres may, by motion, ask for an accommodation vis-à-vis a specific matter (*e.g.*, a motion for an extension of time to comply with an order) as necessitated by his asserted mental impairment.

## V.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis*, ECF 2, is DENIED without prejudice. If Mr. Torres wishes to proceed with this action, he must, within twenty-eight (28) days, either (1) pay the $405 filing fee; or (2) file a renewed motion for leave to proceed *in forma pauperis*.

2.    The emergency motion for a temporary restraining order, ECF 7, is DENIED.

3.    The request for accommodation, ECF 9, is DENIED without prejudice.

4.    If Mr. Torres wishes to proceed with this action, he must, within twenty-eight (28) days, file an amended complaint in which he states a claim over which the court has subject matter jurisdiction.

5.      The motion to supplement the record, ECF 11, is DENIED as moot.


SO ORDERED.

                                        /s/ Myong J. Joun
                                        United States District Judge

Dated:  January 5, 2026